

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

**ENTERED**
**06/26/2008**

| | | |
|---|---|---|
| IN RE: § | | |
| LLKL TRADING, INC. § | CASE NO: 07-50212 | |
|    Debtor(s) § | | |
| § | CHAPTER  7 | |
| § | | |
| HOMERO EDUARDO FALCON § | | |
| MARTINEZ, *et al* § | | |
|    Plaintiff(s) § | | |
| § | | |
| VS. § | ADVERSARY NO. 07-5013 | |
| § | | |
| LLKL TRADING, INC., *et al* § | | |
|    Defendant(s) § | | |

## MEMORANDUM OPINION
## AND ORDER GRANTING MOTION TO REMAND (DOC. ## 14, 34)

     LLKL Trading, Inc. ("Debtor") filed its chapter 7 bankruptcy petition immediately prior to the discovery deadline in a state court lawsuit and about one month prior to the scheduled trial. Upon the commencement of its chapter 7 bankruptcy case, Debtor was divested of any rights and responsibilities for the lawsuit and the chapter 7 trustee became the proper party to defend against Plaintiff's claims and to assert any counterclaims that Debtor (the bankruptcy estate) might have. Nevertheless, immediately after filing the bankruptcy case, Debtor's counsel removed the state court lawsuit to this Court. Although the chapter 7 trustee has subsequently hired Debtor's counsel and has filed a concurrence with the removal, the Court concludes that removal was improper and issues this order for remand.

### I.     BACKGROUND

     Creditors/Plaintiffs Homero Eduardo Falcon Martinez and Falrey S.A. de CV (respectively, "Homero Falcon" and "Falrey") filed suit in County Court at Law No. 1, Nueces County, Texas on January 29, 2004 (the "State Court Lawsuit"), against Debtor (and other defendants) for numerous causes of action related to a failed mining operation in Mexico near Laredo, Texas.

     The State Court Lawsuit was governed by a Level Three (3) discovery control plan. The discovery period was to end on October 5, 2007, and the case was set for trial on November 5, 2007.

     On October 1, 2007, Debtor filed its petition commencing case no. 07-50212 under chapter 7 of the Bankruptcy Code.

On October 4, 2007, Debtor removed the State Court Lawsuit citing 28 U.S.C. §§ 1334(b) and 1452(a).

On November 28, 2007, Creditors/Plaintiffs filed a motion to remand. On November 30, 2007, the Court issued an order sua sponte raising the issue of whether the Debtor (as opposed to the Trustee) had standing to remove the case.

On March 20, 2008, the chapter 7 trustee filed "Trustee's notice of ratification of LLKL's removal and response to motion to remand." (Docket # 32).

## II.   ANALYSIS

A.   Timeliness of Motion to Remand

The motion to remand alleges that there is no federal question and therefore no subject matter jurisdiction. The Court finds that argument unpersuasive because it relates to the "general" removal statute (28 U.S.C. § 1447) and not the "bankruptcy" removal statute (28 U.S.C. § 1452).

The motion requested, in the alternative, that if there were subject matter jurisdiction, then the Court should use its discretion and not exercise its jurisdiction over the adversary proceeding. Debtor and the trustee argue that the motion to remand was not filed timely, citing 28 U.S.C. § 1447(c).

> A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded….

The motion to remand was filed 44 days after the notice of removal. There is some question about whether the time limit for motions to remand applies to "bankruptcy removal" (*i.e.* removal under 28 U.S.C. § 1452: See Colliers on Bankruptcy ¶ 3.07[5] n.30 (15th ed. rev. 2008); *In re Ciclon Negro, Inc.*, 260 B.R. 832 (Bankr. S.D. Tex. 2001). Neither 28 U.S.C. § 1452(a) or FRBP 9027 specify any time limit to file a motion to remand.

However, because remand is sought for lack of jurisdiction, and because the Court concludes that removal was inadequate to confer jurisdiction, the Court need not resolve whether the time limit of 28 U.S.C. § 1447(c) would apply.

The Trustee asserts subject matter jurisdiction of this case under 28 U.S.C. § 1334(a) (district court has original and exclusive jurisdiction of all cases under title 11), and 28 U.S.C. § 1334(e)(1) (of all property, wherever located, of the debtor as of the commencement of the case, and of property of the estate), 28 U.S.C. § 157(b)(2)(B) (the allowance or disallowance of claims against the estate) and 28 U.S.C. § 157(b)(2)(E) (to order the turn over of property of the estate.). The claims belong to the Trustee, not the Debtor. When the Debtor filed the notice of removal, Debtor did not have standing to assert those issues, they belonged to the Trustee.

B.      Effectiveness of Trustee's Joinder of Removal

The bankruptcy case was commenced by the filing of a petition under chapter 7 of the Bankruptcy Code on October 1, 2007.  The state court lawsuit was removed by the Debtor on October 4, 2007.  When the bankruptcy petition was filed, all of Debtor's assets became property of the estate and defense of all claims against the estate became the responsibility of the chapter 7 trustee.  Bankruptcy Code §§ 541, 704.  Therefore, Debtor had no standing to assert counterclaims against Plaintiffs and had no authority to defend claims asserted by Plaintiffs.

The Trustee filed a *Notice of Ratification of LLKL's Removal and Response to Motion to Remand*, docket # 32, on March 20, 2008.  The Trustee argues that even if Defendant's removal of the lawsuit was improper due to its lack of standing, the Trustee's ratification of the removal under FRCP 17(a) cures the deficiency.

> An action must be prosecuted in the name of the real party in interest…. The court may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action. After ratification, joinder, or substitution, the action proceeds as if it had been originally commenced by the real party in interest.

Fed. R. Civ. P. 17(a).  The Trustee relies on *Wieburg v. GTE Southwest Inc.*, 272 F.3d 302 (5th Cir. 2001).  FRCP 17 and *Wieburg* address <u>dismissal</u> of a claim; neither makes any mention of removal.  According to the Advisory Committee's Notes, the provision for ratification was added "simply in the interests of justice" and "is intended to prevent forfeiture when determination of the proper party to sue is difficult or when an understandable mistake has been made."  Fed. R. Civ. P. 17(a) Advisory Committee Notes, 1966 Amendment.  The Court's ruling on whether removal is proper does not effect a forfeiture.  The Trustee can pursue property of the estate (including counterclaims against Plaintiffs) in the state court after remand.

Courts must construe removal statutes "narrowly, with doubts resolved in favor of remand to the state court."  *Value Recovery Group, Inc. v. Hourani*, 115 F.Supp.2d 761, 765 (S.D. Tex. 2000).  The Trustee's ratification of the removal cannot cure an improper removal.  "The jurisdictional facts that support removal must be judged at the time of the removal." *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, (5th Cir. 2000).  For these reasons, the Court must remand.

### III.    CONCLUSION

THEREFORE, the adversary proceeding is remanded to state court.

SIGNED 06/26/2008.

_____
Wesley W. Steen
United States Bankruptcy Judge